## Wright v. Wright.

Nov. 9, 1945.

Charles Logan and Claude Hudgins for appellant. .

Edrington & Redmon for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Benjamine Wright instituted this action seeking a divorce on the ground that his wife assaulted him and cruelly beat and injured him. In her answer and counterclaim Jane Wright sought a divorce and alimony.

Wright was 55 years of age and his wife was 35 years of age when they were married in 1939. He suffers from silicosis, but is still able to do janitorial work. The parties made their home in a small residence which Wright purchased in 1938. During a part of the time the appellee's father resided with them and she also cared for two foster children. The Wrights seem to have gotten along fairly well until October 26, 1943, though the appellee said her husband mistreated her, frequently ran around with other women and objected to her father living in their home. On the day just mentioned the parties got in an argument which ended in what the commissioner called a fight, and because of which he found both the appellant and appellee at fault and refused to recommend a divorce for either of them. Following that difficulty Wright left his home and did not return, with the possible exception of one time when he went there to get some clothing.

The difficulty started while Wright's nephew was visiting him. According to Wright's version of the incident, he was talking with his nephew about going to the hospital when his wife entered the room and began arguing with his nephew and objecting to his going to the hospital. She refused to leave the room, and when

he took her by the arm and started toward the door she hit him in the face with her fist and then struck him in the chest with a wooden stool, thereby knocking him unconscious. When he recovered, he started next door to have a neighbor call a taxi, and his wife followed him with a broomstick and threatened to strike him and told the neighbor not to call the cab. He took out his knife and asked her not to hit him and told her if she did he would cut her. The appellee then went back in the house, got her coat and followed him toward the car line. When he started to get on the car she grabbed him around the legs and he pulled her up in the car. She then pulled a pistol on him, snapped it in his face twice, pulled the slide back and snapped it, and hit him across the head with the pistol, thereby knocking him unconscious. His nephew took him back to his home. Wright's version of what happened at the streetcar is supported by the evidence of his nephew and two employees of the railway company. These witnesses testified also that Wright said he did not want to leave the car when the motorman was putting him off, because he wanted to go to the hospital.

The wife's version of the affray is that she objected to her husband going to the hospital because of inclement weather. He told her that was not any of her business, and then knocked her around two or three times and put her out of the room. He followed her out of the house and she picked up a broom and he said if she hit him he would cut her. She admitted following her husband to the streetcar, but said she was merely attempting to keep him from leaving home. According to her testimony, the pistol was an old, rusty toy pistol with which she denied striking her husband. She said Wright was coming at her with a knife, and that the injury he received on his head was caused by a broken piece of glass which struck him after he had been put off the car by the motorman. Other witnesses testified in support of the appellee's version of the incident at the street car.

The appellant takes the position that the altercation was not a fight, but actually an assault upon him by his wife. His version of the incident would warrant that conclusion, but it must not be overlooked that the appellee's version makes the appellant the aggressor at the outset. The appellee may have been more belliger-

ent than was the appellant at the streetcar, but we fail to see how that part of the fight can be treated separately from what occurred in their home and at the neighbor's. There was one conflict which began in their home and continued at the neighbor's and at the streetcar. Our examination of the record convinces us that it amply supports the recommendation of the commissioner that the parties engaged in a fight and that both were at fault. The chancellor adopted the recommendation of the commissioner and refused to grant either party a divorce. With that action we are in accord.

Wherefore, the judgment is affirmed.